IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ODIS BERNARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2401-K-BN |
| | § | |
| DARIN CARTER, ET AL., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Odis Bernard, who provides that he is 66 years old and that "at the time [was] in a housing program," filed a *pro se* complaint concerning his eviction, asserting that it resulted from reverse discrimination, that it endangered an elderly person, that it caused him pain and suffering, and that it was a civil rights violation. Dkt. No. 3.

Bernard also moved for leave to proceed *in forma pauperis* (IFP). *See* Dkt. No. 5. So United States District Judge Ed Kinkeade referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court will grant Bernard leave to proceed IFP through a separate order, subjecting his claims to screening under 28 U.S.C. § 1915(e)(2).

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent and for the reasons set out below, the Court should dismiss the complaint.

**Legal Standards**

Section 1915(e)(2) authorizes the Court to dismiss a complaint filed IFP if it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). Accordingly, the pleading requirements set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to the Court's screening of a complaint filed IFP.

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations – just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

But, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

So, to avoid dismissal under Section 1915(e)(2)(B)(ii), plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

## Analysis

"*Pro se* complaints receive a 'liberal construction,'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018)).

As such, Bernard need not necessarily specify a legal theory for the claims he

alleges. *See Johnson*, 574 U.S. at 12 ("Having informed [a defendant] of the factual basis for their complaint, [a plaintiff is] required to do no more to stave off threshold dismissal for want of an adequate statement of their claim," so a plaintiff need not "set out a legal theory for the plaintiff's claim for relief." (cleaned up)).

Even so, "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

Under this framework, and from the limited allegations Bernard has provided, it appears that he is asserting a civil rights suit based on public housing and may therefore be claiming that the defendants violated the Fair Housing Act (the FHA).

"[T]he language of the FHA is 'broad and inclusive' and its terms must be given a generous construction to adhere to the statute's remedial scope." *Harmony Haus Westlake, LLC v. Parkstone Prop. Owners Ass'n, Inc.*, 468 F. Supp. 3d 800, 808 (W.D. Tex. 2020) (citations omitted).

But, to state a claim under the FHA that avoids dismissal, a plaintiff must "allege a discriminatory *housing practice* sufficiently." *Ohana v. Marriott*, No. CV 14-04274 MMM (MRWx), 2015 WL 13919091, at *11 (C.D. Cal. Oct. 15, 2015); *cf. Haire v. 5445 Caruth Haven Lane Apartments Owner LLC*, No. 3:21-cv-3127-S-BK, 2022 WL 4097990, at *4 (N.D. Tex. Aug. 22, 2022) ("When Congress enacted the FHA, it did not intend to convert every quarrel among neighbors into a federal case. Simply put, [the statute] does not impose a code of civility on neighbors. To hold otherwise would extend [it] to conduct it was never intended to address and would have the

effect of demeaning the aims of the FHA and the legitimate claims of plaintiffs who have been subjected to invidious and hurtful discrimination and retaliation in the housing market." (cleaned up)), *rec. accepted*, 2022 WL 4137411 (N.D. Tex. Sept. 8, 2022).

More specifically, the FHA "prohibits discrimination in the provision of housing and expressly prohibits the refusal to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familiar status, or national origin." *Greater New Orleans Fair Hous. Action Ctr., Inc. v. Hotard*, 275 F. Supp. 3d 776, 785-86 (E.D. La. 2017) (cleaned up).

"So, where a plaintiff fails to allege discrimination because of a protected class recognized by the FHA, the FHA claim is not plausible and should be dismissed under the applicable pleading standards." *Sauls v. City of Dall.*, No. 3:23-cv-677-E-BN, 2023 WL 4003294, at *2 (N.D. Tex. Apr. 5, 2023), *rec. accepted*, 2023 WL 4009859 (N.D. Tex. June 14, 2023).

It seems that Bernard bases a housing-based civil rights claim on race, as he cites his race and that of his case worker and asserts "reverse discrimination." Dkt. No. 3 at 1. But Bernard fails to allege facts to show that he was evicted or otherwise harmed related to housing <u>because of</u> race (or any other class protected by the FHA). *Cf. Sanchez v. Chevron N. Am. Exploration & Prod. Co.*, No. 20-30783, 2021 WL 5513509, at *6 (5th Cir. Nov. 24, 2021) (per curiam) (explaining that, to allege a claim of employment discrimination, a plaintiff "must plausibly set out facts that the

'defendant took the adverse employment action against a plaintiff *because of* her protected status'" (quoting *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013); emphasis by *Raj*).

So Bernard has not carried his burden to provide the Court enough factual matter to suggest that he is entitled to relief based on a claim arising under federal law, the alleged violation of which provides for federal question jurisdiction under 28 U.S.C. § 1331 – "an independent basis of subject matter jurisdiction" that then allows for supplemental jurisdiction under 28 U.S.C. § 1367. *Atkins v. Propst*, No. 22-10609, 2023 WL 2658852, at *2 (5th Cir. Mar. 28, 2023) (per curiam) (citing *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214 (5th Cir. 2012)).

Accordingly, if there are remaining claims arising under state law, the Court should decline to exercise supplemental jurisdiction over those claims.

To determine whether it should "relinquish jurisdiction over pendent state law claims," a court looks to "statutory factors set forth by 28 U.S.C. § 1367(c)" – "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction" – as well as "the common law factors of judicial economy, convenience, fairness, and comity" set forth by *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011); *see also IntegraNet Physician Res., Inc. v. Texas Indep. Providers, L.L.C.*, 945 F.3d 232, 241-43 (5th Cir. 2019), *overruled on*

*other grounds by Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020) (en banc).

As "no single factor is dispositive," *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008), "[t]he overall balance of the statutory factors is important," *Enochs*, 641 F.3d at 159 (citation omitted).

Here, that balance favors relinquishing jurisdiction over any remaining state law claims to allow Bernard to pursue those claims in a state forum if he so chooses.

### Leave to Amend

The ability to file objections to this recommendation (as further explained below) allows Bernard an opportunity to cure the deficiencies identified above – that is, to, through timely objections, provide enough facts to plausibly allege a claim asserted – and thus show the Court that this case should not be dismissed at this time and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

But, if Bernard fails to show through timely objections that leave to amend should be granted, the Court should dismiss all claims arising under federal law with prejudice and relinquish jurisdiction over any remaining state law claims.

## Recommendation

Unless Plaintiff Odis Bernard satisfactorily shows through timely objections a basis to amend the complaint to allege a plausible claim, the Court should dismiss all claims arising under federal law with prejudice and relinquish jurisdiction over any remaining state law claims, dismissing those claims without prejudice, to allow Bernard to pursue those claims in a state forum if he so chooses.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 2, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE